In the Matter of MASON & HANGER-SILAS MASON Co., INC., Appellant, *v.* S. E. SENIOR, as Chairman of the Workmen's Compensation Board of the State of New York, Respondent.

Third Department, December 23, 1966.

*Jarvis, Pilz & Norton* (*Emil V. Pilz* and *J. Edward Davey* of counsel), for appellant.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Ruth Kessler Toch* of counsel), for respondent.

STALEY, JR., J. This is an appeal from an order and judgment in an article 78 proceeding which dismissed the petition, and affirmed two assessments made by the Chairman of the Workmen's Compensation Board under sections 15 (subd. 8, par. [h]), 25-a and 151 of the Workmen's Compensation Law.

The appellant, as a self-insured employer during the fiscal year ending March 31, 1964, paid the sum of $64,804.81 as compensation benefits under the Workmen's Compensation Law.

On December 23, 1964, the respondent made an assessment pursuant to provisions of sections 25-a and 151 of the Workmen's Compensation Law and, on March 26, 1965, he made an assessment pursuant to provisions of section 15 (subd. 8, par. [h]) of the Workmen's Compensation Law; both assessments were based on the total compensation payments made by the appellant during the fiscal year ending March 31, 1964.

Pursuant to the provisions of section 44 of the Workmen's Compensation Law, the appellant, during the fiscal year ending March 31, 1964, paid the sum of $55,895.42 as apportionment payments to insurance carriers or self-insurers of the claimant-employee's last employer.

Appellant contends that the assessments under review were erroneous since the law provides that they may be based only upon " compensation payments " and that apportionment payments under section 44 are not such " compensation payments."

This court, in the companion case of *Matter of Insurance Company of North America* v. *Senior* (27 A D 2d 24), held that apportionment payments received by the insurance carrier of the last employer from prior employers, were deductible in computing the assessments under section 15 (subd. 8, par. [h]), 25-a, and 151 of the Workmen's Compensation Law.

By reason of our decision in the *Matter of Insurance Company of North America* case, the assessments here were properly based on the total compensation payments made by the appellant dur-

ing the year involved including the apportionment payments made by it pursuant to section 44 of the Workmen's Compensation Law.

The order and judgment should be affirmed.

GIBSON, P. J., REYNOLDS and AULISI, JJ., concur; HERLIHY, J., concurs in the result.

Order and judgment affirmed, with costs.